**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DEBORAH H. COBB,
Plaintiff-Appellant,

v.

E. I. DUPONT DE NEMOURS &
COMPANY, a Delaware corporation;
RICHARD KNOWLES; ELBERT PRICE;
LESTER GORE; SCOTT RENDINELL; LOU

No. 98-1642

P. MICELI,
Defendants-Appellees,

and

PAMELA POKRZYWA; REUBEN W.
HOLLAND, M.D.; ROBERT L.
LEADBETTER, M.D.,
Defendants.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CA-95-743-2)

Submitted: July 7, 1998

Decided: August 4, 1998

Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Deborah H. Cobb, Appellant Pro Se. David Besserer Thomas, SPIL-MAN, THOMAS & BATTLE, P.L.L.C., Charleston, West Virginia; Larry Andrew Winter, David Dale Johnson, III, CAREY, HILL, SCOTT, WINTER & JOHNSON, P.L.L.C., Charleston, West Virginia, for Appellees.

———————————————————————————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

———————————————————————————————

**OPINION**

PER CURIAM:

Deborah H. Cobb appeals from the district court judgment dismissing her action against her former employer, E.I. DuPont de Nemours & Co. ("DuPont"), and eight of its employees. Cobb commenced the action in state court and alleged handicap discrimination, gender discrimination, sexual harassment, fraudulent concealment, intentional infliction of emotional harm, all in violation of West Virginia law, and a violation of the Employment Retirement Income Security Act of 1974, 29 U.S.C.A. §§ 1001 - 1461 (West 1985 & Supp. 1998) ("ERISA"). The Defendants removed the complaint to federal district court on the basis of Cobb's ERISA claim. On appeal, Cobb challenges the court's jurisdiction and the dismissal of her handicap discrimination, fraudulent concealment, sexual harassment and ERISA claims on the basis of allegedly improper court orders limiting discovery or prohibiting evidence. Finding no reversible error, we affirm.

Cobb's contention that the court was without subject matter jurisdiction is frivolous. Cobb's complaint plainly stated a claim under ERISA. In response to the notice of removal, Cobb conceded that her ERISA claim was within the jurisdiction of the court. See 29 U.S.C.A. § 1132(e)(1) (West 1985 & Supp. 1998). Removal was proper under 28 U.S.C. § 1441(b) (1994), because the district court has jurisdiction

2

over civil actions arising under the laws of the United States without regard to the citizenship or residence of the parties. Furthermore, her remaining state claims were properly considered by the court. See § 1441(c).

Cobb's challenges to the court's dismissal of her handicap discrimination, fraudulent concealment and sexual harassment claims on the basis of limitations placed on her ability to conduct discovery and submit evidence are without merit. The district court has broad discretion concerning the admissibility of testimony and the scope of discovery. See Hinkle v. City of Clarksburg, 81 F.3d 416, 426 (4th Cir. 1996); Bristol Steel & Iron Works v. Bethlehem Steel Corp., 41 F.3d 182, 188 (4th Cir. 1994). Finally, the court did not err in excluding medical evidence outside the administrative record in deciding the ERISA claim. See Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co., 32 F.3d 120, 125 (4th Cir. 1994).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED